UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL N. JACOBSEN, | 1: 06 CV 01254 LJO WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 11] |
| PEOPLE OF THE STATE OF CALIFORNIA, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Pending before the court is Respondent's motion to dismiss the petition.

**PROCEDURAL HISTORY**

On January 7, 2003, in Fresno County Superior Court, Petitioner entered a plea of no contest to one count of felony domestic violence pursuant to Penal Code Section 273.5, admitted that he personally used a knife in the commission of the offense within the meaning of Penal Code Section 12022(b)(1), and admitted that he personally inflicted great bodily injury on his victim within the meaning of Penal Code Section 12022l7(3).

On February 5, 2003, Petitioner came before the trial court for judgment and sentencing. Pursuant to a stipulated plea agreement, the trial court sentenced Petitioner to a stayed, aggregate state prison term of six years. The trial court granted Petitioner probation for three years and imposed various terms and conditions. Petitioner did not appeal from the trial court's judgment and no collateral post-conviction challenges were filed until September 22, 2004.

From June 6, 2003, until September 13, 2004, Petitioner appeared before the trial court on numerous allegations that he had violated the terms and conditions of his probation. Each time, Petitioner's probation was reinstated. However, on September 13, 2004, after a contested probation violation hearing, the trial court revoked Petitioner's probation, lifted the stay and imposed the six-year prison sentence.

Petitioner appeal from this judgment. On September 8, 2005, in an unpublished opinion, the Court of Appeal, Fifth Appellate District affirmed the trial court's judgment. In doing so, the Court of Appeal noted in part that there was no conflict of interest at the time Petitioner entered his plea, but, also found that any issues concerning the validity of his plea were barred by the fact that Petitioner had failed to appeal from the order granting probation.

Following the revocation, Petitioner filed ten petitions for writ of habeas corpus in the California courts. The first of these was filed in Fresno County Superior Court on September 17, 2004.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v.

1  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual
2  determinations must be presumed correct, and the federal court must accept all factual findings made
3  by the state court unless the petitioner can rebut "the presumption of correctness by clear and
4  convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
5  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
6  1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is barred by the statute of limitations.  Petitioner opposes the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Petitioner raises a single claim of ineffective assistance of counsel as related to the time of the his plea entered January 7, 2003. Judgment and sentencing were pronounced on this plea on February 5, 2003. This judgment and probation grant were final judgments under California law and therefore appealable. People v. Mazurette, 24 Cal.4th 789, 792 (2001) (an order granting probation is a final, appealable judgment).

If a petitioner does not appeal a state court judgment, the conviction becomes final on the date on which the time for filing such an appeal expired. See 28 U.S.C. § 2244(d)(1)(A). In California, a conviction becomes final 60 days after the superior court enters judgment. California Rules of Court, Rule 8.308. Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060(C.D.Cal. 2001)(where petitioner did not appeal her conviction to the California Court of Appeal, the conviction became final 60 days after petitioner was sentenced). Petitioner's conviction thus became final on April 6, 2003, and the one-year statute of limitations began running the following day. Therefore, the court finds that absent any tolling, Petitioner's last day to file a federal petition challenging the February 5, 2003 judgment was April 6, 2004.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).   The court finds that Petitioner is not entitled to tolling pursuant to Section 2244(d)(2), because his state petitions were all filed after April 6, 2004, when the statute expired.. Because the limitations period had already expired, the collateral challenge had no tolling consequence.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000).

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

In opposition to Respondent's motion to dismiss, Petitioner argues that he is a non-lawyer, doing the best to prosecute his case despite his lack of knowledge of the law.  The Ninth Circuit has held that claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling.

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See, id.

See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law not cause); See, also, Marsh v. Soares, 223 F.2d 1217, 1220 (10th Cir. 2000); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).   Accordingly, Petitioner's argument provides no basis for equitable tolling.

Petitioner also claims that he was unable to get his transcripts from his appellate attorney in a timely manner. However, neither appellate counsel's failure to return trial transcripts more quickly nor trial counsel's alleged negligence constitute "extraordinary circumstances" necessitating equitable tolling. See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001) (stating that neither miscalculation of the limitations period by defense counsel nor negligence in general constitute extraordinary circumstances sufficient to warrant equitable tolling), *cert. denied,* --- U.S. ----, 122 S.Ct. 1913 (2000).

Having concluded that Petitioner is entitled to neither statutory nor equitable tolling, the court must find that the statute of limitations ran on April 6, 2004.  The present petition, filed September 13, 2006, is therefore untimely and barred by the statute of limitations.

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

Based on the above, the court HEREBY ORDERS as follows:

1) Respondent's motion to dismiss is GRANTED;
2) This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;
3) A certificate of appealability is DENIED;
4) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   February 6, 2008**              /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE